1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BENJAMIN HALL,

11            Petitioner,                    No. CIV S-07-2293 MCE DAD P

12        vs.

13   T. FELKER, et al.,

14            Respondents.                   ORDER

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus, challenging a judgment of conviction entered by the San Joaquin County Superior Court

18   on November 8, 2004.  On November 2, 2007, this court ordered respondents to file a response

19   to the petition.  On January 15, 2008, respondents filed a timely answer.  Before the court is

20   petitioner's January 31, 2008 motion for a stay and abeyance.

21            In petitioner's motion, he requests a stay of this action pending a decision from

22   the United States Supreme Court on his petition for writ of certiorari (Case No. 07-8214).

23   Petitioner contends that he could not have previously discovered his additional claims through

24   the exercise of due diligence.  He also contends that his claims are potentially meritorious, and

25   the Supreme Court's decision could have a significant impact on this case.

26   /////

                                              1

1        According to the United States Supreme Court docket, the Court denied

2   petitioner's petition for writ of certiorari on February 19, 2008.  Accordingly, the court will deny

3   petitioner's motion for a stay and abeyance as moot, and grant petitioner thirty days to file a

4   reply, if any, to respondent's answer.[1]

5        In accordance with the above, IT IS HEREBY ORDERED that:

6        1.  Petitioner's January 31, 2008 motion for a stay and abeyance is denied as

7   moot; and

8        2.  Petitioner is granted thirty days from the date of this order to file a reply, if

9   any, to respondents' answer.

10   DATED: March 13, 2008.

11

12   _____
     DALE A. DROZD
13   UNITED STATES MAGISTRATE JUDGE

14   DAD:9
     hall2293.msty

15

16

17

18

19

20

21   [1] Petitioner's motion is somewhat confusing in light of its reference to the matter that was pending before the U.S. Supreme Court. Petitioner is advised that exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A

22   petitioner satisfies the exhaustion requirement by providing the highest *state* court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor,

23   404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1986).  In this regard, a stay and abeyance is the proper procedure for a petitioner seeking to exhaust his state court

24   remedies where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also

25   Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist.

26   Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).

2