UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENJAMIN HALL, | ) | No. CIV S-07-2293 MCE DAD P |
| | ) | |
| Petitioner, | ) | ORDER DENYING 1) PETITIONER BENJAMIN HALL'S PETITION |
| | ) | |
| v. | ) | FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 |
| | ) | |
| T. FELKER, et al. | ) | AND 2) HIS REQUEST FOR AN EVIDENTIARY HEARING |
| | ) | |
| Respondents. | ) | |
| _____) | | |

The court, Judge Robert J. Timlin, has read and reviewed petitioner Benjamin Hall's ("Hall") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "habeas corpus petition" or "petition"), respondents' answer to the habeas corpus petition, and Hall's traverse to the answer ("traverse"). The court has also read and considered the transcripts of various proceedings in the state criminal action. Based on such consideration, the court concludes as follows:

**I.**

**BACKGROUND**

**A.    Procedural Background**

1

Hall was convicted by a jury of second degree robbery in violation of Cal. Penal Code § 211, and the jury also found that a sentence-enhancing allegation, that a principal personally discharged a firearm (Cal. Penal Code § 12022.53, subds. (b), (c), & (e)(1)), was true. The trial court sentenced Hall to a term of imprisonment of fifteen years in state prison.

Hall appealed his convictions and sentence to the California Court of Appeal, which affirmed the judgment in an unpublished opinion. He then filed a Petition for Review with the California Supreme Court. The California Supreme Court granted review, but later dismissed the Petition for Review and remanded the case to the California Court of Appeal.

### B. Factual Background

The California Court of Appeal, in affirming Hall's conviction and sentence, made the following factual findings: "Defendants Benjamin Hall and Andre Bernard White robbed a bank. Shots were fired at a Stockton police officer during the ensuing pursuit."

Pursuant to 28 U.S.C. § 2254(e)(1), this Court will presume the California Court of Appeal's determination of factual issues to be correct, as petitioner has not rebutted this presumption by clear and convincing evidence.

## II.

## PETITIONER'S CLAIMS

Hall, proceeding *pro se*, asserts two claims in his Petition as grounds for federal habeas relief. First, he contends that the trial court violated his due process rights under the Fifth and Fourteenth Amendments when it refused the jury's request to read back the closing arguments. Second, he contends that the trial court violated his Sixth Amendment right to a jury trial, by sentencing him to the upper term for second degree robbery under the California Determine Sentencing Law ("DSL") based on facts that were not found by the jury.

## III.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition because Hall filed it after AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA "circumscribes a federal habeas court's review

of a state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003). As amended by AEDPA, 28 U.S.C. § 254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The first prong applies to both questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Hall's petition implicates the first prong, as he argues on two grounds that the state court incorrectly applied clearly established federal law. "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 384-86. Under the first prong, the "contrary to clearly established federal law" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decisions applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. 362, 411 (2000) (O'Connor J., concurring). "Rather, that application must also be unreasonable." *Id.*

Additionally, under AEDPA, the court must look to direct precedent of the Supreme Court of the United States, rather than precedent set by the controlling circuit. *See Casey v. Moore*, 386 F.3d 896, 907 (9th Cir. 2004). "Although lower federal court and state court precedent may be relevant when that precedent illuminates the application of clearly established federal law as determined by the United States Supreme Court, if it does not do so, it is of no moment." *Id*.

Finally, under AEDPA, a federal court shall presume a state court's determination of factual issues is correct, and petitioner has the burden of rebutting this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Here, the California Supreme Court reached the merits of Hall's claims when it denied his petition for review without comment or citation to authority. *Gaston v. Palmer*, 417 F.3d 1030, 1038 (9th Cir. 2005), amended by 447 F,3d 1165 (9th Cir. 2006). "Where there has been one reasoned judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007) (en banc). And where, as here, the state supreme court denies review of a prisoner's habeas petition without comment, the district court "look[s] to the last reasoned state court decision": in this case, that of the California Court of Appeal. *Parle v. Runnels*, 505 F.3d 922, 926 (9th Cir. 2007). Thus, in addressing Hall's claim, this Court will consider the reasoning of the California Court of Appeal.

**A.   GROUND ONE**

In Ground One, Hall claims that the trial court erred when it denied the jury's request for a read back of closing arguments. The trial court stated that it generally did not allow rereading of arguments because they are not evidence and also noted that a readback of the arguments would take an entire day. The trial court stated that, unless all attorneys agreed to grant the jury's request, it was inclined to deny it. The prosecutor did not agree, so the jury's request was denied and the court did not permit arguments to be re-read.

Hall contends that he was denied the full benefit of the adversarial process when the trial court refused to allow a read-back of the attorneys' closing arguments.[1] The California Court of Appeals held that the trial court did not abuse its discretion in denying the jury's request. The court noted that, although a jury has a right to rehear evidence and instructions on request pursuant to California Penal Code § 1138, it is within a trial court's discretion to deny a jury's request to read back arguments by counsel. *People v. Pride*, 10 Cal.Rptr.2d 636 (1992) (finding that trial court properly exercised its discretion in denying jury's request to read back summations by counsel based upon its concern that to do so would divert jury's attention from proper consideration of evidence and instructions); *see also People v. Gordon*, 270 Cal. Rptr. 451 (1990)

---

[1] The jury also asked for a rereading of witness testimony. The trial court granted that request and permitted a read-back of witness testimony.

(holding that Cal. Penal Code 1138 applies only to requests for evidence or law, not for counsel's arguments). Here, the California Court of Appeal found no abuse of discretion, because the read-back of arguments would take a full day of court time and the trial had already exceeded the time estimates initially given to the jurors. Further, the trial was not particularly complex, as it focused on identity and defense counsel effectively emphasized the lack of definite identification.

The United States Supreme Court has never held that a criminal defendant has a constitutional right to have counsels' closing arguments read back to the jury, when requested by the jury. In fact, the Ninth Circuit has held that the decision whether or not to permit even witness testimony to be read back to the jury is within the discretion of the trial judge, and that discretion is "large." *United States v. King*, 552 F.2d 833 (9th Cir. 1976). Therefore, as the Supreme Court has not addressed the issue, the California Court of Appeals' reasoning cannot be understood to be "contrary to, or an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d); *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005). Based on the foregoing, Hall is not entitled to habeas corpus relief based on ground one.

**B.     GROUND TWO**

In Ground Two, Hall claims the trial court violated his Sixth and Fourteenth Amendment rights to a jury trial by "sentenc[ing] petitioner to the high term on the robbery count based on facts that were not found by the jury." Petition at 5. Hall contends that he requested a jury trial on the aggravating factors and the court denied the request. He argues that the court's reliance on the "high degree of planning," the relative sophistication of the crime and "the high degree of taking," is error as those facts were not found by a jury. Further, the court also based its decision to sentence Hall to the upper term on his prior convictions, including a juvenile record for robbery and violating Penal Code section 245. According to Hall, he should not have been sentenced to the upper term based on his prior criminal history, because his juvenile priors were not found by a jury.

Once again, this court looks to the California Court of Appeals' opinion on direct review as the last reasoned decision. The California Court of Appeal reasoned:

> Citing *Cunningham*, defendants contend that the imposition of the upper

term violated their right to jury trial on the aggravating factors used to enhance their sentences. Resentencing is not required in this case. . . [Hall's] probation report noted that defendant admitted serving a Nevada prison sentence in 2000-2001 for a felony charge of possession of stolen property. Between 1994 and 1997, defendant had juvenile petitions sustained in California courts for numerous felonies, including grand theft, discharging a firearm at a dwelling, use of a firearm, assault with a deadly weapon on a public transit employee, and two robberies. These offenses were in addition to other sustained petitions involving five misdemeanor offenses.

In sentencing defendant Hall to a prison term of 15 years, the court stated 'if ever there was a case that called for the upper term, this is certainly one of them.' Citing the California Rules of Court, it noted that three loaded guns were used in the robbery, the crime involved several victims, one of the victims was slapped, the robbery involved planning, and a large amount of money was taken. As already noted, those factors were not necessarily found to be true by the jury.

However the court then commented: 'In addition to that, and even separately from the *Blakely* situation– *Blakely*, I don't think, is ever going to apply, at least the way it's– the case was written anyway– does not apply to the finding of priors in this case for the purpose of determining sentencing. And in this case, the defendant Benjamin Hall has two prior robberies and a 245 as a juvenile and the use of a gun. And so based upon that, I think that that alone is sufficient for the imposition of the upper term in this case.'

As in the case of defendant White, the trial court placed primary emphasis on defendant *Hall*'s record of recidivism. The prior conviction exception of *Apprendi*, *Blakely*, and Cunningham, applies not only to the fact of a prior conviction, but also to an 'issue of recidivism which enhances a sentence and is unrelated to an element of a crime.' (*People v. Thomas* (2001) 91 Cal.Appl.4th 212, 223.) Defendant Hall had numerous prior criminal juvenile adjudications and he admitted serving a recent felony prison sentence. Given this history, the trial court could properly impose an aggravated sentence without violating defendant's right to jury trial. The trial court's explicit comments make it clear that that is what it intended to do.

In *Cunningham*, the Supreme Court found California's determinate sentencing law ("DSL") to be unconstitutional. *Cunningham v. California*, 549 U.S. 270, 288-89 (2007). "[B]ecause circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt, [California's DSL] violates *Apprendi*'s bright-line rule: *Except for a prior conviction*, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.* (emphasis added). "Because the DSL authorizes the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measurement against our Sixth Amendment precedent." *Id.* at 293. However, as the Court made clear in *Cunningham*, prior convictions are explicitly excepted from the requirement that a jury find facts beyond a reasonable doubt that increase the penalty for a crime beyond the

1  statutory maximum. *Id.; see also Apprendi v. New Jersey*, 530 U.S. 466 (2000).

2  Here, the trial court relied upon several factors in sentencing Hall to the upper term, including his prior criminal record. The trial court explicitly stated that his criminal record would be sufficient standing alone, to warrant imposition of the upper term sentence. Use of prior convictions to sentence Hall to the upper term falls within the exception carved out in *Apprendi* and subsequently reaffirmed by the Court in *Blakely* and *Cunningham*, and it would be sufficient to subject Hall to sentencing for the upper term without violating the Sixth Amendment. *See Apprendi*, 530 U.S. at 490; *Blakely*, 542 U.S. at 303-04.

However, Hall also raises the additional argument that the trial court erred when it considered his criminal history, because it consisted of prior juvenile criminal adjudications rather than adult felony convictions and therefore were not found by a jury beyond a reasonable doubt. It appears from the transcript of petitioner's sentencing proceeding that the trial court did in fact rely solely upon his juvenile record. The California Court of Appeal reasoned that the *Apprendi/Blakely/Cunningham* exception for criminal convictions applied not only to the fact of a prior conviction, but also to an "issue of recidivism which enhances a sentence and is unrelated to an element of a crime," citing to a California Supreme Court decision as authority.

The Ninth Circuit has in fact held that a sentencing judge's use of a defendant's prior, nonjury juvenile adjudications to increase the statutorily mandated maximum punishment to which he was subject violates due process. *See United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001). The court concluded that "*Apprendi*'s narrow 'prior conviction' exception is limited to prior convictions resulting from proceedings that afforded the procedural necessities of a jury trial and proof beyond a reasonable doubt. Thus, the 'prior conviction' exception does not include non-jury juvenile adjudications." *Id.* at 1194-95. However, other circuits have rejected *Tighe* and found that "a prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for *Apprendi* purposes." *United States v. Burge*, 407 F.3d 1183, 1190 (11th Cir. 2005); *United States v. Jones*, 332 F.3d 688, 696 (3d Cir. 2003). The Supreme Court has remained silent on this issue and has not resolved this inter-circuit conflict.

An application for writ of habeas corpus shall not be granted unless the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d) (emphasis added). "The statutory language plainly restricts the source of clearly established law to the Supreme Court's jurisprudence. Thus, while circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004). Here, because the Supreme Court has not addressed this issue, the California Court of Appeal's decision was not "contrary to" nor an unreasonable application of clearly established Supreme Court precedent and therefore does not fall within § 2254(d)(1)'s 'contrary to' clause." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Based on the foregoing analysis, Hall is not entitled to habeas corpus relief on this ground.

### C. EVIDENTIARY HEARING

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007). "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir. 1998) ("an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record.") (emphasis in original). Here, as the above analysis shows, the state court record precludes habeas relief pursuant to § 2254. Accordingly, Hall's request for evidentiary hearing is denied.

## III.

## **DISPOSITION**

Accordingly, IT IS ORDERED that Petitioner Benjamin Hall's petition for writ of habeas corpus pursuant to Section 2254 is denied.

| | |
|---|---|
| October 13, 2009 | ROBERT J. TIMLIN |
| DATE | ROBERT J. TIMLIN, DISTRICT COURT JUDGE |